IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Dora L. Doyle, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-1138 |
| ) | |
| McClean County Health Dep't, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). For the reasons below, the Court recommends the motion be denied.

STANDARD

When considering a motion to dismiss a pro se complaint under Fed. R. Civ. P. 12(b)(6), the court takes the allegations in the complaint as true, construing them liberally and viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004). Exhibits attached to the pleadings are considered part of the pleadings. Venture

Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). Plaintiff's additional allegations in response to the motion to dismiss (d/e 14) are also considered, to the extent consistent with the Complaint. *See* Gutierrez v. Peters, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997).

"'A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents. Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations...'" McDonald v. Household Int'l, Inc., 425 F.3d 424, 428 (7th Cir. 2005).

"'[F]ederal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'" McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000), *quoting* Leatherman, 507 U.S. at 168-69.

## ALLEGATIONS

Plaintiff's Complaint is stamped as received on May 6, 2005, along with her petition to proceed *in forma pauperis* (d/e 1). Her petition was

granted on May 26, 2005, and the Complaint stamped and docketed as filed the same day.

Plaintiff's Complaint does not specify the federal laws on which she grounds her claims, but that is not required. Fed. R. Civ. P. 8; <u>McDonald</u>, 425 F.3d at 428 (complaint need not identify a legal theory).

According to Plaintiff's "Claim I" (titled "civil rights violation," d/e 3, p. 5), Plaintiff applied for a job with Defendant and "a less-qualified non-Black candidate was selected." Plaintiff was one of the top three finalists, but she did not receive a second interview, despite being told that the top three finalists would all receive second interviews. The other two finalists, both Caucasian women, did receive a second interviews.

Plaintiff's "Claim 2" is titled "Pattern of Unfair Hiring Behavior (Practice) (d/e 3, p.6)(partly illegible). However, the allegations in this claim appear to relate only to Plaintiff's job interview with Defendant. According to Claim II, the person interviewing Plaintiff started the interview with the question of salary. Though Plaintiff responded that salary was negotiable, the interviewer stated that the interview should end because only $27,000 could be offered. Plaintiff alleges that "Candidate is receiving over $30,000 in salary." It is not clear, but she seems to mean that the

person ultimately chosen for the job (a Caucasian woman) was paid $30,000, despite the interviewer's statements to Plaintiff that $27,000 was the top salary that could be offered.

ANALYSIS

I. Timeliness

Defendant appears to argue, without legal citation, that Plaintiff must allege in her Complaint that she filed this suit within 90 days after receiving her Right to Sue letter from the EEOC.  (d/e 8, ¶ 3).[1]  The Court doubts the Complaint could be dismissed for failure to allege this fact.  See Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003)(plaintiff need not negate affirmative defenses in Complaint).  In any event, Plaintiff attaches her Right to Sue letter to her response–the letter is dated February 7, 2005. (d/e 14, p. 15).  She filed her Complaint 88 days later, on May 6, 2005, along with a petition to proceed *in forma pauperis*.  Thus, she is within the 90 days (Defendant makes no real argument otherwise).  The counting stops when the Complaint and petition are received, and starts again only if *in forma pauperis* status is denied.  See  Williams-Guice v.

---

[1] Defendant does not elaborate on this argument in its memorandum.

Board of Education of the City of Chicago, 45 F.3d 161, 162-63 (7th Cir. 1995).

II. Failure to State a Claim: Claim I

Defendant asserts without legal citation that Plaintiff must plead facts sufficient to infer discriminatory intent or a prima facie case of discrimination.

The federal rules do not permit judges to require fact pleading. Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003); Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). The Seventh Circuit Court of Appeals has made clear that, "Because racial discrimination in employment is 'a claim upon which relief can be granted', . . . 'I was turned down for a job because of my race' is all a complaint has to say." Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998); McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000)(This court . . . made it rather plain what it takes to survive a motion to dismiss and announced that we do not sanction a heightened pleading standard of any sort in discrimination cases.)"; Hamilton v. Summers, 95 F.Supp.2d 908, 911-12 (N.D. Ill. 2000)("[Plaintiff] alleges that the Customs Service failed to hire him because he is black.

This allegation satisfies the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2).").

Plaintiff claims she was not hired because she is Black: "[Plaintiff] applied for a job . . . A less qualified non-Black candidate was selected." (d/e 3, p. 12). Her allegations therefore satisfy the notice pleading standard. Bennett, 153 F.3d at 518 (7th Cir. 1998). Determination of their factual merit must await summary judgment or trial.

III. Exhaustion as to Claim II

Plaintiff's Claim II is titled "Pattern[] of unfair hiring behavior (Practice),"[2] though the rest of the allegations in Claim II appear to relate to discussions of salary during Plaintiff's interview, rather than an unconstitutional policy or practice. In her response, Plaintiff fleshes out Claim II in more detail. She asserts that Defendant's consideration of an applicant's "projected longevity in the position" is unrelated to job performance and works "to disqualify Negroes at a substantially higher rate than white applicants, and as in this case, the job in question formerly had been filled only by white employees as part of a longstanding practice of giving preference to whites." (d/e 14, p.4). She alleges that "the 'disparate

---

[2]Part of the title is illegible.

impact' employed through use of 'Projected longevity in the Position,' under the guise of 'concerns over stability in the position' were not reasonable factors to weigh potential job performance and resulted in 'overt discriminatory' hiring practices . . ." (d/e 14, p. 5).

Defendant asserts that Plaintiff failed to exhaust her administrative remedies under Title VII for Claim II because she did not include allegations of discriminatory hiring practice in her EEOC charge. Defendant attaches the EEOC charge to its motion to dismiss and asks for dismissal in its entirety, with prejudice, of Plaintiff's claim of discriminatory hiring practice.[3]

Plaintiff does not dispute the authenticity of the EEOC charge attached to Defendant's motion to dismiss. Nor does she contend that her

---

[3] It is not entirely clear that the Court should even consider the EEOC charge on a Rule 12(b)(6) motion, as it was not attached to the Complaint nor mentioned in the Complaint, and thus arguably presents matters outside the pleadings. *See* Fed. R. Civ. P. 12(b)(6). Defendants are correct that the district court in Hamilton, 95 F.Supp.2d 908 (N.D. Ill. 2000), did so, on the grounds that judicial notice could be taken of the administrative proceedings. However, the defendants in Hamilton arguably presented a more complete administrative record, rather than just a portion. The defendants in Hamilton submitted the plaintiff's treasury complaint, the Treasury's response, and the EEOC's findings and decision. Here, Defendant submitted only the charge. On the other hand, Plaintiff does not dispute the authenticity of the charge; in fact, in her response she attaches the EEOC statement of position which includes a recitation the charge (d/e 14, p.16). In its own research, the Court found no Seventh Circuit *appellate* case discussing the propriety of considering the charge on a motion to dismiss when the charge is not mentioned in or attached to the Complaint. Because the Court believes dismissal under 12(b)(6) should not be granted in this case even if the charge is considered, it is not necessary to decide the question. (d/e 14, p. 16).

EEOC charge encompasses a "pattern/practice" discrimination claim. Instead, she says that she:

> had no comprehensive understanding of any available administrative procedure to redress her complaint of racial employment discrimination, however she believe [sic] that any such grievance procedure would prove futile and delay the instant proceedings.  For the sake of judicial economy it would not be unfair to Defendants for this Court to rule on the merits of Plaintiff's Title VII Civil Rights complaint.

(d/e 14, p. 5).

Generally, "[a] Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are "like or reasonably related to the allegations of the charge and growing out of such allegations." Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500-501 (7th Cir. 1994). However, "because most EEOC charges are completed by laypersons . . . , a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." Id. (*cites omitted*).  The test is whether the claims in the Complaint are " 'like or reasonably related to the allegations of the charge and growing out of such allegations.' " Id. (*quoted cite omitted*).  As to the first element, "[t]his means that the EEOC charge and the complaint must, at a minimum,

describe the *same conduct* and implicate the *same individuals*."  Id. at 501 (emphasis in original).

In the context of this case, the Court believes dismissal of a Title VII claim for failure to exhaust would require factual assumptions not compelled by Plaintiff's allegations.  The Court accordingly believes that decision should be made on a well-supported summary judgment motion, not a Rule 12(b)(6) motion to dismiss.

For example, application of the "scope doctrine" allows for consideration of written statements submitted to the EEOC, even if not mentioned in the EEOC charge.  "Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations."  Cheek, 31 F.3d at 502 (affidavit in support of charge considered); Vela v. Village of Sauk, 218 F.3d 661, 664 (7th Cir. 2000)(discussing examples of when "courts have looked beyond the four corners of the EEOC charge form."); Cable v. Ivy Tech State College, 200 F.3d 467, 477-78 (7th Cir. 1999)(considering sworn affidavit submitted to EEOC to allow claim outside charge itself); cf. Novitsky v. American Consulting Engineers, L.L.C., 196 F.3d 699 (7th Cir. 1999)(allegations on intake questionnaire but not included in charge were

outside scope, but plaintiff was represented by counsel in EEOC proceedings). Here, there is no evidence regarding what other written statements, if any, Plaintiff made in pursuing her claim before the EEOC.

Additionally, the scope doctrine is subject to equitable defenses. Gibson v. West, 201 F.3d 990, 994 (7th Cir. 2000). Again, there is no evidence in the record regarding whether equitable defenses might apply. A well-supported summary judgment motion would demonstrate the absence of these circumstances, thus enabling a decision on more solid footing. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)(summary judgment can be had by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case.").

In short, "[t]he scope of the charge in relation to the scope of the suit is something the district judge should address, . . . and it is premature to do so until the theory of relief has been explicated more fully than it need be in a complaint." Bennett v. Schmidt, 153 F.3d at 519.[4]  This is particularly so

---

[4] The Seventh Circuit case relied on by Defendant, Cheek, was decided on summary judgment. It is true that the district court case cited by Defendant, Hamilton v. Summers, 95 F.Supp.2d 908 (N.D. Ill. 2000) was decided on a motion to dismiss, and does support Defendant's position. However, the plaintiff in Hamilton was represented by counsel when the motion was granted and had not responded at all to the motion to dismiss. 95 F.Supp.2d at 913 (99-CV-6701, civil docket).

here, where Plaintiff is pro se and does not appear to understand the exhaustion question.  Defendant is free to move for summary judgment at any time on exhaustion grounds, and should already have the evidence it needs to do so properly.  Chambers v. American Trans Air, Inc., 17 F.3d 998, 1002 (7th Cir. 1994)(summary judgment motion can be brought at any time, even before close of discovery).

It is worth noting that, even if a Title VII discriminatory practice claim is dismissed now, that would not eliminate the claim entirely.  It is not yet clear yet under what legal theory Plaintiff seeks to proceed on her discriminatory practice claim.  She does not cite Title VII or any other statute in her Complaint (though her response makes clear that she likely intends to at least proceed under Title VII).  She may be asserting a claim under 42 U.S.C. § 1981 or 1983 for an unconstitutional policy/practice under a Monell theory of liability.  Monell v. New York Dep't of Social Serv., 436 U.S. 658 (1978); Smith v. Chicago School Reform Bd of Trustees, 165 F.3d 1142, 1148-49 (7th Cir. 1999)(example of Title VII and § 1981 action based on discrimination); Bennett, 153 F.3d at 519 (noting that dismissal on grounds that administrative charge did not include disparate impact claim would not dispose of Section 1983 theory of liability); Blise v.

Antaramian, 409 F.3d 861 (7th Cir. 2005)(example of § 1981 race discrimination, failure to hire claim).  Exhaustion of claims under Sections 1981 and 1983 is not required.  See, e.g., Wudtke v. Davel, 128 F.3d 1057, 1063 (7th Cir. 1997).  Thus, even if her Title VII claim is dismissed, claims under Sections 1981 or 1983 would arguably remain.

WHEREFORE, the Court RECOMMENDS the Defendants' motion to dismiss be denied (d/e 8).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    February 22, 2006

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE